Mr. Chief Justice Shaekev
delivered the opinion of the court.
On the trial of this case, the defendant introduced Isaac Caldwell, Esq., as a witness, and proved by him, that a suit had been previously instituted on the same cause of action, in the prosecution of which William T. Breckenridge was the attorney for the plaintiffs; which suit was dismissed for want of security for' costs. .That after the suit was dismissed, and at the same term of the court, the witness heard Breckenridge admit to defendant that he had paid all the debts, but fifty or sixty dollars, and that Breckenridge was indebted to Lindsey on account, and it was agreed that he would give Lindsey credit for the amount of the account, which would reduce the plaintiff’s debt to twenty or thirty dollars. The witness also stated, that pending the action, he had repeatedly heard .conversations between them, in which he understood from both parties, that Lindsey had made, considerable payments to Breckenridge on account of said debt. When this 'evidence was introduced, the plaintiff’s counsel objected to the conversation, admissions and statements of Breckenridge, as competent evidence, but the court overruled the objection.
The bill of exceptions does not show that any objection was *578 made to the parol proof that a previous action had been instituted on the same record and dismissed, nor was it objected to the sufficiency of the proof to show that Breckenridge was the attorney. If he was the attorney, and the fact is not controverted, the payments made to him were undoubtedly as good, as if made to the plaintiffs. It is the business of an attorney to receive payment of claims placed in his hands for collection. Suppose Breckenridge had given Lindsey receipts for the money, it could not be contended that the plaintiffs would not be bound by them, and his admissions that payments had been made to him are equally good when proved.
I do not think the mere agreement of Breckenridge, to credit Lindsey for the amount of his account, could be binding on the plaintiffs, because it was a mere unexecuted agreement to do an act which was in violation of duty, and out of the scope of his power, but the proof is not certain as to the amount of that account, nor is the proof certain as to the balance due, exclusive of the account. The verdict is for forty dollars, an amount very little less than the greatest sum that could have been given under the proof, excluding the account, and something more than the least sum which could have been given,including it, and as the witness was not precise as to amounts, it is not altogether certain which portion the jury took in fixing the verdict. The difference either way, if it be error at all, is perhaps an immaterial or trifling one, which will not justify a reversal of the judgment. Besides, if they allowed the account of Lindsey against Breckenridge as payment, Breckenridge would be liable to his client for the amount.
Judgment affirmed.